UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOHN BANACKI, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:09-CV-68 CAN |
| CITY OF SOUTH BEND FIRE DEPARTMENT, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

**I.  INTRODUCTION**

Apparently, bawdy humor and practical jokes are not uncommon among firefighters during the idle hours of duty at Station 6.  The Plaintiff, John Banacki ("Banacki"), a firefighter formally assigned to Station 6, alleges in his complaint that he was a victim of a sexually offensive prank by another firefighter, which was so severe that the prank created a hostile work environment.  Banacki also alleges that his transfer to another duty station, after the Defendants conducted an internal investigation of his initial sexual harassment claim, was in retaliation for Banacki's filing of the claim.   For the reasons that follow, this Court concludes that neither the initial prank nor the alleged claim of retaliation are sufficient to survive the Defendants' motion for summary judgment; and, as a result, the Defendants are entitled to a judgment as a matter of law.

**II.  PROCEDURE**

On June 9, 2009, the parties consented to have this case assigned to the magistrate judge. On January 29, 2010, the Defendants, City of South Bend Fire Department ("SBFD") and the City of South Bend ("City"), filed a motion for summary judgment.  On February 16, 2010,

Banacki filed a response in opposition. On March 10, 2010, the Defendants filed a reply. On March 24, 2010, Banacki filed a sur-reply. On March 25, 2010, the Defendants filed an objection to Banacki's sur-reply, arguing that Banacki did not have leave to file extended briefing. This Court will not consider Banacki's sur-reply in its decision. This Court now enters a ruling on the Defendants' motion for summary judgment, pursuant to the consent of the parties and 28 U.S.C. § 636(c).

## III. FACTS

The following facts are taken from the parties briefs and are uncontested. Bawdy humor and practical jokes were common at Station 6. Often, Banacki and the other firefighters participated in off-color jokes and pranks at the expense of other firefighters.

On August 2, 2007, Banacki was playing cards with five other firefighters. During a break in play, Banacki alleges that another firefighter, Steven Vandervoort ("Vandervoort") "chummed" Banacki. Banacki explains the "chumming" incident as Vandervoort rubbing his groin area on Banacki's forearm, while still fully clothed. Banacki stated that he immediately pulled away from Vandervoort, expressed his displeasure, and told Vandervoort to stop. The incident occurred out of the presence of the other firefighters.

On August 3, 2007, Banacki made a complaint against Vandervoort to the Captain of Station 6, Chris Baker.[1] On August 4, 2007, the following day, Captain Baker passed the complaint on to his superior, Chief Howard Buchanon. Consistent with City policy, Chief Buchanon contacted the City attorney the same day and recommended that the attorney begin an

---

[1] In his complaint, Banacki alleges that Vandervoort "chummed" him on two other occasions, in July and August of 2007. However, Banacki never made complaints regarding these alleged incidents to any one at SBFD. As such, the Defendants did not have notice of these alleged incidents of harassment.

2

investigation on the matter.  On August 6, 2007, while Banacki's claims of sexual harassment against Vandervoort were being investigated, Vandervoort was transferred to a different station. The investigation consisted of interviews of all the firefighters that were present at the card game on the night of the alleged incident.  While all of the men acknowledged that bawdy humor existed in the station, none of the men claimed to have witnessed the alleged incident. After completing his investigation, the City attorney determined that no incidents of sexual harassment had occurred.  As a result, Vandervoort was returned to Station 6.

Upon Vandervoort's return, Captain Baker asked Banacki and Vandervoort if they would be able to work together; and both men stated that they would.  However, shortly after Vandervoort's return to Station 6, Banacki began complaining about other aspects of Vandervoort's behavior.  For example, on September 10, 2007, Banacki complained about Vandervoort using his laptop computer after the "lights-out" curfew imposed by Captain Baker. On September 11, 2007, Captain Baker made a request that Banacki be transferred to a new station.  On September 18, 2007, Banacki was transferred from Station 6 to Station 8.

Banacki claims that he was transferred in retaliation for the complaints he made against Vandervoort.  SBFD responds that the transfer was made because Banacki was "knit picking" Vandervoort.  Despite Banacki's claims of retaliation, Banacki stated in his deposition that he was "perfectly happy" with his new station assignment.  Further, it is undisputed that Banacki did not suffer either a demotion in rank or a loss in pay as a result of the transfer.

IV. **ANALYSIS**

    A.   <u>Summary Judgment Standard</u>

Summary judgment is proper where the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Servs. Co., 391 U.S. 253, 289 (1968)).

    B.    <u>Sexual Harassment</u>

SBFD moved for summary judgment against Banacki on his hostile work environment claims, arguing that Banacki has failed to establish the elements necessary to maintain his claim. Title VII prohibits an employer from discriminating against an employee "with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a)(1). This provision protects employees form sexual harassment that is severe or pervasive enough to produce a hostile work environment. Oncale v.

4

Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998); Jackson v. County of Racine, 474 F.3d 493, 499 (7th Cir. 2007). Title VII allows for claims of same-sex sexual harassment; and the harassing conduct need not be motivated by sexual desire to support an inference of discrimination based on sex. Oncale, 523 U.S. at 79-80.

To maintain a claim for sexual harassment under the theory of a hostile work environment, a plaintiff must show that: (1) he was subjected to unwelcome conduct of a sexual nature; (2) the conduct was directed at him because of his sex; (3) the conduct was severe or pervasive enough to create a hostile work environment; and (4) there is a basis for employer liability. Roby v. CWI, Inc., 579 F.3d 779, 784 (7th Cir. 2009). An employer can only be held liable for sexual harassment by a co-worker if the employer knew or should have known of the conduct and did not take reasonable steps to discover and rectify the acts of harassment. Bernier v. Morningstar, Inc., 495 F.3d 369, 373 (7th Cir. 2007). While Banacki may be able to show the first element of a *prima facie* case, that he was subjected to a unwelcomed conduct of a sexual nature, the "chumming," the Court has serious doubts that he could establish the second and third elements.

To survive a motion for summary judgment, Banacki must also show that the "chumming" incident was directed at him because of his sex. While it is not necessary for Banacki to show that the offending conduct was motivated by sexual desire to support an inference of sexual harassment, see Oncale, 523 U.S. at 79-80, Banacki must show that the unwelcome sexual conduct changed the conditions of his work environment.

Banacki must also show, for the third element, that the conduct was so severe or pervasive as to create a hostile work environment, one that a reasonable person would find

hostile and one that Banacki actually found hostile and abusive. See Hostetler v. Quality Dining, Inc., 218 F.3d 799, 807 (7th Cir. 2000). In light of the admittedly bawdy humor and practical jokes that Banacki and other firefighters at Station 6 engaged in, it is hard to accept Banacki's claim that he found the particular incident directed at him to be so beyond the pale of accepted conduct that the incident changed the conditions of his work environment, or that he actually found the incident offensive.

But, even if Banacki could establish the first three elements of a *prima facie* case, he can not establish the fourth. He has failed to show that there is a basis for his employer's liability. Simply put, the Defendants responded reasonably and promptly, once they were aware of the offending incident and took corrective measures to prevent future incidents.

A day after receiving the report from Banacki, SBFD promptly notified the City attorney and began an investigation of the matter. Meanwhile, SBFD also took prompt steps to separate Vandervoort from Banacki, temporarily transferring the alleged harasser to another station. After finding no evidence to substantiate Banacki's claims, the City closed the investigation and returned Vandervoort to Station 6. Upon Vandervoort's return, however, both parties conceded that they could work together in the same station. The Defendants did not investigate other alleged incidents of harassment because Banacki never filed a report regarding those incidents. Given these undisputed facts, this Court considers the Defendants' actions to be reasonable in regards to both the City's investigation of Banacki's complaints of harassment and SBFD's efforts to prevent similar incidents from happening in the future. As such, without more, Banacki can not factually establish that the Defendants acted in an unreasonable manner and, therefore, can not establish legal liability against them. Bernier, 495 F.3d at 373. Because

Banacki can not establish a *prima facie* case of sexual harassment, the Defendants are entitled to judgment as a matter of law on this claim.

C.      Retaliation

Banacki also claims that he was transferred by SBFD in retaliation because he submitted a complaint against Vandervoort for sexual harassment. A plaintiff has a claim for retaliation when he suffers a tangible employment action taken in response to his filing a complaint for discrimination. 42 U.S.C. § 2000e. The plaintiff can show retaliation by producing evidence that: (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) a causal connection exists between them. Scruggs v. Garst Seed Co., 587 F.3d 832, 838 (7th Cir. 2009). If the plaintiff meets his burden, the burden shifts to the employer to show that it had a non-retaliatory reason for taking the adverse action. Id. The plaintiff then has another opportunity to show that the employer's stated justification is pretext. Id.

"Not everything that makes an employee unhappy is an adverse action." Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996). Instead, there must be a "material" change to the employee's working conditions. Washington v. Ill. Dept. of Revenue, 420 F.3d 658, 661-662 (7th Cir. 2005); Ribando v. United Airlines, Inc., 200 F.3d 507, 510-11 (7th Cir. 1999). The United States Supreme Court recently clarified that a "materially" adverse employment action, in the retaliation context, is one that could conceivably "dissuade[] a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Sante Fe Ry. Co. v. White, 548 U.S. 53, 67-68 (2006). Consequently, "[i]dentification of a material difference in the terms and conditions of employment is an objective exercise." Minor v. Centocor, Inc., 457 F.3d 632, 636 (7th Cir. 2006); Washington, 420 F.3d at 662

7

It is undisputed that Banacki's filing a report regarding Vandervoort's alleged conduct was protected by Title VII. As such, this Court considers the first element to be met. However, this Court concludes that Banacki cannot establish the second element of a *prima facie* case, that he suffered a materially adverse action.

Banacki states that he was transferred from Station 6 to Station 8 against his wishes. The Defendants do not dispute the transfer was made without Banacki's consent but note that Banacki admitted that he is now content with the transfer. Further, it is undisputed that Banacki did not suffer either a loss in pay or rank as a result of the transfer. Given these facts, this Court is not persuaded that Banacki's transfer amounted to an actionable adverse action. Although he was transferred to another station, Banacki himself admits that he is not bothered by the transfer. Further, there is no evidence that Banacki suffered either a pecuniary or professional loss as a result of the transfer. "By and large a reassignment that does not affect pay or promotion opportunities lacks the potential to dissuade and thus is not actionable." Washington, 420 F.3d at 662. As such, this Court concludes that the act of transferring Banacki to another station, without additional facts to establish some material form of harm, is not an actionable adverse action. Consequently, because Banacki cannot establish the second element of a retaliation claim, Banacki can also not establish a *prima facie* case of retaliation; and, therefore, the Defendants are also entitled to judgment as a matter of law regarding this claim.

## V. CONCLUSION

Because Banacki can not establish a *prima facie* case of either sexual harassment or retaliation, the Defendants are entitled to judgment as a matter of law on both claims. Accordingly, this Court now **GRANTS** the Defendants' motion for summary judgment. [Doc.

No. 25]. The Clerk is instructed to enter judgment on behalf of the Defendants and to term this case.

**SO ORDERED**

Dated this 19th Day of May, 2010.

<pre>                                        S/Christopher A. Nuechterlein
                                        Christopher A. Nuechterlein
                                        United States District Court</pre>